996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger W. KNIGHT, Plaintiff-Appellant,
v.
Royanne M. KNIGHT and Kathryn L. Kafka in her capacity as
Assistant Attorney General of the State of
Washington, Defendants-Appellees.
 No. 92-35173.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1993.*
Decided June 15, 1993.
 
 Before FARRIS, FERGUSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger W. Knight brought a 42 U.S.C. § 1983 claim against his ex-wife and the Assistant Attorney General of Washington. He claimed that the Washington child support statutes, R.C.W. 26.18 and 26.19, violate the Constitution and the federal Anti-Peonage Statute, 42 U.S.C. § 1994. Knight sought injunctive relief against the Assistant Attorney General to prevent enforcement of the Acts and monetary damages from his ex-wife. The district court granted summary judgment for the defendants.
 
 
 3
 We affirm.
 
 
 4
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The constitutionality of the Child Support Schedule was challenged in P.O.P.S. v. Gardner, No. 92-36118. P.O.P.S. argued that the Schedule violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment. We rejected those claims. For the reasons set forth in our P.O.P.S. opinion, we reject Knight's substantive and procedural due process and equal protection arguments.
 
 
 5
 Knight argues that the child support that he is required to pay constitutes a sanction imposed by the legislature based on his status as a father, and therefore, is a Bill of Attainder. The Schedule does not infringe on the judicial function, because it is rebuttable. Contrary to Knight's assertion, the Legislature can require that parents pay some support for their children. The Schedule is not a Bill of Attainder.
 
 
 6
 Knight challenges R.C.W. 26.18.050 on the grounds that it constitutes involuntary servitude prohibited by the Thirteenth Amendment, and violates the Anti-Peonage Statute, 42 U.S.C. § 1994. R.C.W. 26.18.050(4) specifies that an obligor will not be held in contempt if he lacks the means to comply with the support order and has exercised due diligence trying to comply. Contempt proceedings for voluntary failure to comply with court orders are a proper exercise of state power. See Hicks v. Feiock, 485 U.S. 624, 638 (1987). The contempt statute does not violate the Thirteenth Amendment or the Anti-Peonage Act.
 
 
 7
 Affirmed.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3